CaRUTHERS, J.,
delivered tlie opinion of the Court.
The defendants were indicted at March Term, 1858, in the Circuit Court of Jackson, for selling unwholesome provisions. Marlin Young was marked as prosecutor.
After a conviction and new trial, and continuance, the prosecutor died. At the March Term, 1859, this fact was set up in a plea by the defendants. The Court overruled the demurrer of the Attorney General to this plea, and discharged defendants, and the State appealed.
We think his Honor erred in this judgment. We are referred to no authority to sustain it, and if any such existed, we would not be inclined to be governed by it.
It is true, that this is not one of the cases, twenty in number, Code, sec. 5097, excepted in our law from the necessity of a prosecutor upon the indictment, and, therefore, one was absolutely necessary. Code, sec. 5096. But the law in this respect was complied with when the prosecution was instituted; and the question is, whether his death before the termination of the case, shall authorize the indictment to be quashed, or the defendants discharged. We can see no good reason why it should have that effect. The main object of requiring a prosecutor is, that some citizen shall stand forth as the originator of the charge, and be responsible for it before the country. He is also liable for costs, when it appears that the prosecution is frivolous, or malicious; but that rarely occurs, and it is not a matter of interest to the defendant, but only to the public.
It would be most detrimental to public justice, and the administration of the criminal laws, if the accident, of the death of the prosecutor, would necessarily operate to discharge the accused. The greatest felons might escape punishment, if this were so.
The judgment will be reversed, and the case remanded for trial.